IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBARA NORMAN,

Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

Defendant.

3:13-cv-01258-MA

OPINION AND ORDER

MERRILL SCHNEIDER
Schneider Kerr & Gibney Law Offices
P.O. Box 14490
Portland, Oregon 97293

Attorneys for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

COURTNEY M. GARCIA
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104

Attorneys for Defendant

MARSH, Judge

Plaintiff, Barbara Norman, brings this action for judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her applications for disability insurance benefits (DIB) and disabled widow's benefits (DWB) under Title II of the Social Security Act (the Act), as well as supplemental security income (SSI) disability benefits under Title XVI of the Act. See 42 U.S.C. §§ 401-434, 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, I affirm the final decision of the Commissioner.

**PROCEDURAL BACKGROUND**

Plaintiff protectively filed the instant applications for DIB, DWB, and SSI on March 4, 2010, alleging disability due to arthritis in her knees and spine, fibromyalgia, edema in her left leg, asthma, and "fast heart beat." Tr. 219. Her applications were denied initially on July 13, 2010. On reconsideration, however, the Commissioner awarded Plaintiff DIB with an onset date of July 1, 2007, but denied Plaintiff's application for DWB. An Administrative Law Judge (ALJ) held a hearing on September 2, 2011, at which Plaintiff was represented by counsel and testified. Vocational Expert (VE) Gary Jesky was also present throughout the hearing, but the ALJ ultimately determined that his testimony was not necessary.

On September 21, 2011, the ALJ issued an opinion affirming the decision on reconsideration and finding Plaintiff disabled for purposes of DIB beginning June 1, 2007, but concluding that Plaintiff was not disabled for purposes of DWB. After the Appeals Council declined review of the ALJ's decision, Plaintiff timely filed a Complaint in this Court.

**FACTUAL BACKGROUND**

Born on January 16, 1955, Plaintiff was 51 years old on the alleged onset date of disability and 56 years old on the date of the hearing. Tr. 214. Plaintiff has a high school equivalency and prior work in newspaper delivery and wafer inspection at a semiconductor factory. Tr. 220-21. Plaintiff alleges her conditions became disabling on June 30, 2006. Tr. 214.

Plaintiff testified about her conditions at the hearing and submitted an Adult Function Report. Tr. 42-58, 236-43. In addition, Plaintiff's mother, Barbara J. Straw, submitted a Third Party Function Report. Tr. 244-51.

**THE ALJ'S DISABILITY ANALYSIS**

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Each step is potentially dispositive. The claimant bears the burden of proof at Steps One through Four. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th

Cir. 1999). The burden shifts to the Commissioner at Step Five to show that a significant number of jobs exist in the national economy that the claimant can perform. See Yuckert, 482 U.S. at 141-42; Tackett, 180 F.3d at 1098.

At Step One, the ALJ assumed that Plaintiff has not engaged in substantial gainful activity since the alleged onset date, June 30, 2006. See 20 C.F.R. §§ 404.1571 *et seq.*; Tr. 27.

At Step Two, the ALJ found that "[t]here are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment" during the relevant period between Plaintiff's alleged onset date of June 30, 2006, and the established onset date of June 1, 2007. See 20 C.F.R. §§ 404.1520(c); Tr. 27-28.

Accordingly, the ALJ found Plaintiff was not disabled within the meaning of the Act.

**ISSUE ON REVIEW**

Plaintiff raises two issues on appeal. First, Plaintiff argues the ALJ erroneously determined at Step Two that Plaintiff did not have a medically determinable impairment between the alleged onset date of June 30, 2006, and the established onset date of June 1, 2007. Second, Plaintiff asserts the ALJ erred in finding an onset date without the benefit of medical testimony concerning the onset of Plaintiff's disability.

///

## STANDARD OF REVIEW

The Court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The Court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

### I. Step Two

Plaintiff first submits that the ALJ erroneously found that Plaintiff had no medically determinable impairments during the relevant period, between June 30, 2006, and June 1, 2007. "At step two of the five-step sequential inquiry, the Commissioner determines whether the claimant has a medically severe impairment

or combination of impairments." Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996). An impairment is "severe" for Step Two purposes if it, in combination with other impairments, "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). See also Smolen, 80 F.3d at 1290. A claimant can establish a medically determinable impairment at Step Two "if the record includes signs - the results of 'medically acceptable clinical diagnostic techniques,' such as tests - as well as symptoms, *i.e.*, [the claimant's] representations regarding his impairment." Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005). Ultimately, however, Step Two "is a de minimis screening device to dispose of groundless claims," and an impairment or combination of impairments will only be found "not severe" if "the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" Smolen, 80 F.3d at 1290 (quoting Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)).

The ALJ found that Plaintiff did not have a medically determinable impairment at Step Two because "[medical] records do not reflect that the claimant received any treatment for her alleged knee arthritis, fibromyalgia, left leg edema, asthma, or a fast heart beat between June 30, 2006 and June 1, 2007." Tr. 28. In addition, the ALJ found that Plaintiff's testimony that "she

worked part-time delivering newspapers from 2005 until 2009 . . . suggests minimal if any functional limitations." Tr. 28.

I conclude the ALJ's determination that Plaintiff did not have a medically determinable impairment during the relevant period is supported by substantial evidence. Notably, there is no medical evidence in the record from the relevant period. Moreover, the medical records from the year preceding the relevant period contain very few references to any allegedly disabling condition. See Tr. 292, 293, 295.

One chart note from Nancy Zink, M.D., on June 7, 2005 - more than one year before Plaintiff's alleged onset date - contains discussion of arthritis, fibromyalgia, and edema, but, as noted, subsequent records contain little discussion of these conditions. Tr. 296-97. Plaintiff's edema was improved two weeks after the June 7, 2005 chart note from Dr. Zink, when Plaintiff had a "[g]ood physical exam," and none of the allegedly disabling conditions were mentioned during a June 28, 2005 follow-up appointment. Tr. 293, 295.

The record contains remote medical records from 2001, 2002, and 2003 that discuss seemingly significant back and knee conditions. See Tr. 517-31. Plaintiff, however, does not allege she was disabled at the time of these chart notes and the ALJ could reasonably find the absence of such conditions in the medical record during and proximately preceding the relevant period

indicated that Plaintiff was not experiencing more than minimal symptoms from those conditions during that time. Similarly, records indicating Plaintiff missed a substantial amount of work from 2000 to 2003 do little to establish the presence of a medically determinable impairment more than three years later. See Tr. 274-80. Finally, while records after the established date of disability indicate Plaintiff's edema, leg pain, and back pain became more significant problems, such records are consistent with the Commissioner's finding of disability beginning June 1, 2007. The ALJ's finding at Step Two that Plaintiff did not have a severe impairment during the relevant period is supported by substantial evidence in the record.

**II. Onset Date of Disability**

Plaintiff next argues the ALJ was required to call a medical expert to testify concerning the establishment of the onset date of disability. The Ninth Circuit has held that when an ALJ finds the claimant disabled, "'[i]n the event that the medical evidence is not definite concerning the onset date and medical inferences need to be made,'" the ALJ must "'call upon the services of a medical advisor and . . . obtain all evidence which is available to make the determination.'" Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008)(quoting DeLorme v. Sullivan, 924 F.2d 841, 848 (9th Cir. 1991)).

The problem in this case, however, is not ambiguity or a lack of definiteness in the record as to the onset date of disability, as there may be when the medical record contains a long history of a slowly progressive condition and the ALJ must identify the date on which that condition became disabling. Rather, the problem here is the record contains *no* medical evidence from the relevant period, and very little evidence from the three years preceding the relevant period. Thus, the only function a medical expert could have served in determining whether Plaintiff was disabled during the relevant period would have been to tell the ALJ what he already knew; there was no medical evidence from which to draw medical inferences. Simply put, there is no evidence in the record from which an expert could exercise medical judgment to discern between the established onset date and Plaintiff's alleged onset date. The ALJ did not err in failing to obtain testimony from a medical expert.

**CONCLUSION**

For the foregoing reasons, the decision of the ALJ is AFFIRMED.

IT IS SO ORDERED.

DATED this 31 day of July, 2014.

Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge